UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>             Plaintiff,<br><br>     vs.<br><br>SAMANTHA PERRYMAN, et al.,<br><br>             Defendant. | 1:13-cv-00853-GSA-PC<br><br>ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE<br>(Doc. 11 resolved)<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT<br><br>ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

## I.    BACKGROUND

Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 5, 2013. (Doc. 1.) On August 9, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Now pending is Plaintiff's motion to amend the complaint, filed on February 21, 2014. (Doc. 11.)

## II.     LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not amended the complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after June 5, 2013. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on June 5, 2013. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

**III.    CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is informed that he has leave to amend the complaint once as a matter of course;
2. This order resolves Plaintiff's motion to amend the complaint, filed on February 21, 2014;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a First Amended Complaint using the court's form;
4. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:13-cv-00853-GSA-PC, and be an original signed under penalty of perjury;
5. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and
6. Plaintiff is warned that the failure to comply with this order may result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 24, 2014**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE