UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMANTHA PERRYMAN, et al.,<br><br>          Defendants. | 1:13-cv-00853-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br>(Doc. 14.) |

**I.     BACKGROUND**

Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 5, 2013. (Doc. 1.) On March 3, 2014, Plaintiff filed the First Amended Complaint. (Doc. 13.)

On August 9, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On March 17, 2014, Plaintiff filed a motion for a temporary restraining order, which is now before the court. (Doc. 14.)

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff seeks a court order prohibiting defendant Samantha Perryman from approaching him nearer than 50,000 feet, and to prevent officials from changing Plaintiff's housing assignment.

In the First Amended Complaint, Plaintiff alleges that defendant Lora Celis violated his rights to medical privacy when she made an announcement in the medication room disclosing

the type of medication that Plaintiff takes. Plaintiff also seeks to hold defendants Samantha Perryman and Stefani Vally liable for failing to reprimand defendant Lora Celis for her actions. Plaintiff requests monetary damages and a court order revoking the defendants' licenses.

The temporary restraining order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. Plaintiff requests a temporary restraining order protecting him from present and future actions by defendant Perryman. Because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Because none of the defendants have appeared in this action, the Court does not have jurisdiction to issue an order prohibiting any of them from acting against Plaintiff.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for a temporary restraining order, filed on March 17, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **March 18, 2014**                    **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE