1

2              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF CALIFORNIA
3

4

5

6

7   ARCHIE CRANFORD,                          Case No. 1:13 cv 00853 GSA

8              Plaintiff,

9   vs.                                        ORDER DISMISSING FIRST AMENDED
                                               COMPLAINT AND GRANTING PLAINTIFF
10  S. PERRYMAN, et al.,                       LEAVE TO FILE A SECOND AMENDED
                                               COMPLAINT
11             Defendants

12
                                               AMENDED COMPLAINT DUE
13                                             IN THIRTY DAYS

14

15  **I.      Screening Requirement**

16       Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights

17   action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction

18  pursuant to 28 U.S.C. § 636(c).[1]

19       The Court is required to screen complaints brought by detainees seeking relief against a

20  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

21  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

22  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

23  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

24  § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

25  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

26  _____

27

28  [1] Plaintiff filed a consent to proceed before a magistrate judge on August 9, 2013 (ECF No. 8).

1

1
2

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

3

4

5

6

7

8

9

10

11

12

13

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

(9th Cir. 1982)).

14

## II.    Plaintiff's Claims

15

16

17

18

19

20

21

This action proceeds on the March 3, 2014, first amended complaint.  Plaintiff, a civil

detainee at Coalinga State Hospital (CSH), brings this civil rights action against defendant

employees of the California Department of Mental Health (DMH) at CSH.   Plaintiff names as

Defendants S. Perryman, S. Vally and L. Celis.  Although Plaintiff does not specifically

articulate what his legal claims are, it appears that Plaintiff is claiming that Defendants violated

his medical privacy, discriminated against Plaintiff based on his race and subjected Plaintiff to

inadequate medical care.

22

23

24

25

26

Plaintiff alleges that Defendant Celis violated Plaintiff's right to privacy by publicly

announcing to all the other patients in the dayroom area where Plaintiff was housed that

Plaintiff's nitroglycerine tables were ready.  Defendant Celis publicly requested Plaintiff to come

to the window to get his medication.  Plaintiff alleges that such conduct "violated hippa

standards."  Plaintiff alleges that as a result, the other patients know about his medical

27

28

1  condition.[2] Plaintiff alleges that this was done because of Plaintiff's race.   Plaintiff also claims

2  that such conduct constitutes medical neglect.

3      **B.      Medical Privacy**

4      To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

5  under color of state law and (2) the defendant deprived him of rights secured by the Constitution

6  or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person

7  deprives another of a constitutional right, where that person 'does an affirmative act, participates

8  in another's affirmative acts, or omits to perform an act which [that person] is legally required to

9  do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978,

10  988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he

11  'requisite causal connection can be established not only by some kind of direct, personal

12  participation in the deprivation, but also by setting in motion a series of acts by others which the

13  actor knows or reasonably should know would cause others to inflict the constitutional injury.'"

14  Id. (quoting Johnson at 743-44).

15      Medical records in California are confidential.  California Civil Code § 56.10(a) provides

16  that "no provider of health care, health care service plan, or contractor shall disclose medical

17  information regarding a patient or provider of health care or an enrollee or subscriber of a health

18  care service plan without first obtaining an authorization, except as provided in subdivision (b)

19  or (c).   However, 42 U.S.C. § 1983 is a remedy for violations of certain federal rights.

20  Violations of state law are not cognizable under § 1983.  Moreland v. Las Vegas Metropolitan

21  Police Department, 159 F.3d 365, 371 (9th Cir. 1998)("state law violations do not, on their own,

22  give rise to liability under § 1983[.]")(citations omitted).

23      Further, federal courts have found that HIPAA did not create a private right of action.

24  U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009)("HIPAA does not provide any private right of

25

26

27      [2] The Health Insurance Portability and Accountability Act of 1996 (HIPAA) prescribes the manner
in which physicians are permitted to disclose individual medical information.  42 U.S.C. §§ 1320d, et seq.

28

action."); <u>Webb v. Smart Document Solutions, LLC</u>, 499 F.3d 10789, 1081 (9th Cir. 2007)

("HIPAA itself provides no private right of action."); <u>University of Colorado Hosp. v. Denver</u>

<u>Publ'g Co.</u>, 340 F.Supp.2d 1142, 1145 (D. Colo. 2004)(holding that HIPAA statutory text and

structure display no intent to create a private right of action, and noting that HIPAA expressly

provides a method for enforcing prohibitions, i.e., punitive fines and/or imprisonment, which

indicates Congress did not intend to allow an additional private remedy).  Plaintiff's medical

privacy claim should therefore be dismissed.

### B.  Medical Care

As a civil detainee, Plaintiff's right to medical care is protected by the substantive

component of the Due Process Clause of the Fourteenth Amendment.  <u>Youngberg v. Romeo</u>, 457

U.S. 307, 315 (1982).  Under this provision of the Constitution, Plaintiff is "entitled to more

considerate treatment and conditions of confinement than criminals whose conditions of

confinement are designed to punish."  <u>Jones v. Blanas</u>, 393 F.3d 918, 931 (9th Cir. 2004)(quoting

<u>Youngberg</u>, 457 U.S. at 321-22); cf. <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232, 1243-

44 (9th Cir. 2010)(pretrial detainees, who are confined to ensure their presence at trial and are

afforded only those protections provided by the Eighth Amendment).  Thus, to avoid liability,

Defendants' decisions must be supported by "professional judgment."  <u>Youngberg</u>, 457 U.S. at

323.  A defendant fails to use professional judgment when his or her decision is "such a

substantial departure from accepted professional judgment, practice, or standards as to

demonstrate that [he or she] did not base [his or her] decision on such a judgment."  <u>Youngberg</u>,

457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim under this standard.  Plaintiff fails to refer

to any medical care, or to any condition that was not treated within accepted standards of

professional judgment.  A simple allegation that officials called Plaintiff to the pill window in the

presence of other inmates fails to state a claim for relief.  This claim should therefore be

dismissed.

///

4

1

2

### C.        Discrimination

3        Plaintiff claims that publicly calling out his name and medical information

4   constitutes discrimination because, in Plaintiff's view, it was done with that intention.  Plaintiff

5   fails to allege any facts to support such a conclusion.  The Equal Protection Clause requires that

6   persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center,

7   Inc., 473 U.S. 432, 439 (1985).  A plaintiff may establish an equal protection claim by showing

8   that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a

9   protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under

10   this theory of equal protection, the plaintiff must show that the defendants' actions were a result

11   of the plaintiff's membership in a protected class.  Thornton v. City of St. Helens, 425 F.3d 1158,

12   1167 (9th Cir. 2005).  Plaintiff has not alleged any facts indicating that other detainees who are

13   similarly situated have been treated alike.  Plaintiff's belief is unsupported by any factual

14   allegations.  This claim should therefore be dismissed.

### III.      Conclusion and Order

15        The Court has screened Plaintiff's first amended complaint and finds that it does not state

16   any claims upon which relief may be granted under section 1983.  The Court will provide

17   Plaintiff with the opportunity to file a second amended complaint curing the deficiencies

18   identified by the Court in this  order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

19   Plaintiff is cautioned that he  may not change the nature of this suit by adding new, unrelated

20   claims in his amended  complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

21        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

22   each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

23   rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must

24   be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

25   Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

26        Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

27   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565,

28

567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

 Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send to Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will  dismiss this action, with prejudice, for failure to state a claim.

 IT IS SO ORDERED.

Dated: **April 17, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE